UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Rashard Singleton | ) C/A No. 4:09-2720-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| US Department of Justice;<br>Drug Enforcement Administration, DEA, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Richard Rashard Singleton (Plaintiff), proceeding *pro se*, brings this action against two federal agencies, seeking the return of money confiscated during a traffic stop. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can

be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff states he was stopped in the city of Aynor, South Carolina[1] on an unspecified date by unspecified individuals for speeding and open container. Plaintiff, when asked if he had a gun, replied "yes on back set [sic] in my travel bags." Plaintiff states he had thirteen thousand eight hundred dollars ($13,800) in the bag which contained the gun. Plaintiff, who alleges the cash was taken, seeks the return of his money.

---

[1] Plaintiff's complaint lists the city as Anyer, however, as there appears to be no city in South Carolina bearing that name, Plaintiff likely intended to list the city as Aynor, South Carolina.

2

Discussion

Plaintiff is bringing suit against two federal agencies. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

As indicated above, the Plaintiff names the U.S. Department of Justice and the Drug Enforcement Administration as Defendants in the instant complaint. However, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995)("*Bivens*- type claims cannot be brought against federal agencies"). As the named

Defendants are federal agencies protected by sovereign immunity, this Court lacks jurisdiction to entertain the instant action.

Further, to the extent Plaintiff's complaint may be construed as an attempt to contest a forfeiture of Plaintiff's money to the federal government, such a claim is likewise subject to summary dismissal. The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), P. L. 106-185, 114 Stat. 202, applies to federal civil forfeitures. A party whose property has been forfeited under CAFRA may make a motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e). Additionally, "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Thus, a plaintiff's exclusive remedy for challenging a forfeiture does not lie in a *Bivens* action, "but rather in a motion filed under 18 U.S.C. § 983(e)." *See King v. John Does.*, C/A No. 6:07-CV-4155-DCN, Docket Entry No. 28 (D.S.C. Feb. 4, 2009) *aff'd per curiam, King v. Does*, No. 09-6601, 2009 WL 2523895 (4th Cir. Aug. 19, 2009). *See also Bailey v. Patterson*, Civil Action No. 8:04-22252-MBS, 2006 WL 2642543 at *2 (D.S.C. Sept. 13, 2006). Therefore, Plaintiff may not contest any civil forfeiture of his $13,800 in cash in the instant *Bivens* action. As such, Plaintiff's case is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

November 6, 2009  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).