IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Richard Rashard Singleton, ) | Civil Action No.: 4:09-cv-02720-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| US Department of Justice; Drug ) | |
| Enforcement Administration, DEA, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Richard Rashard Singleton's ("Plaintiff") Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III. This matter is before the Court upon the *pro se* Plaintiff's Complaint against two federal agencies, seeking the return of money confiscated during a traffic stop. In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

**Procedural History and Factual Background**

The case was initiated on October 19, 2009. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge issued an R&R on November 6, 2009, in which he recommends that the Court dismiss the Complaint without prejudice and

1

without issuance and service of process. On November 25, 2009, the Plaintiff timely filed objections to the R&R.

The facts in this case are set forth clearly in the R&R of the Magistrate Judge. The Plaintiff states he was stopped in the city of Aynor, South Carolina[1] on an unspecified date by unspecified individuals for speeding and open container. When asked if he had a gun, the Plaintiff replied "yes on back set [sic] in my travel bags." The Plaintiff states he had thirteen thousand eight hundred dollars ($13,800) in the bag that contained the gun. The Plaintiff, who alleges the cash was taken, seeks the return of his money.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).

---

[1]The Plaintiff's Complaint lists the city as Anyer, however, as there appears to be no city in South Carolina bearing that name, Plaintiff likely intended to list the city as Aynor, South Carolina.

2

**Discussion**

In the Plaintiff's Complaint, he brings suit against two federal agencies. As such, the Magistrate Judge found that his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971). The Magistrate Judge further found that, because the Plaintiff names the United States Department of Justice and the Drug Enforcement Administration as defendants in his Complaint, sovereign immunity is applicable and prevents the Plaintiff from bringing suit against these federal agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). Thus, because the named defendants are federal agencies protected by sovereign immunity, the Court lacks jurisdiction to entertain this action.

Moreover, the Magistrate Judge found that, to the extent the Plaintiff's Complaint is an attempt to contest a forfeiture of the Plaintiff's money to the federal government, such claim is likewise subject to summary dismissal. The Magistrate Judge concluded that the Plaintiff's exclusive remedy for challenging a forfeiture does not lie in a *Bivens* action, but rather in a motion filed under 18 U.S.C. § 983(e). *See King v. John Doe,* C/A No. 6:07-cv-4155-DCN, Docket Entry No. 28 (D.S.C. Feb. 4, 2009), *aff'd per curiam, King v. Does,* No. 09-6601, 2009 WL 2523895 (4th Cir. Aug. 19, 2009). Therefore, the Plaintiff may not contest any civil forfeiture of his $13,800 in cash in the instant action. Further, the Plaintiff's letter of November 20, 2009, which is treated as his objections, fails to specifically address the findings of the Magistrate Judge and is conclusory.

Nevertheless, having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary dismissal is appropriate.

## **Conclusion**

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Complaint is dismissed *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
December 4, 2009